Arnold D. Larson, Esq., SBN 77118
LARSON, GARRICK & LIGHTFOOT, LLP
801 South Figueroa Street, Suite 1130
Los Angeles, California 90017
Tel (213) 404-4100 / Fax (213) 404-4123
alarson@lgl-law.com

Attorneys for Plaintiff,
Great American E&S Insurance Company

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREAT AMERICAN E&S INSURANCE COMPANY,<br><br>            Plaintiff,<br>v.<br><br>BRANDSTORM, INC.<br><br>            Defendant. | CASE NO:<br><br>**PLAINTIFF'S COMPLAINT FOR DECLARATORY JUDGMENT** |

Plaintiff, Great American E&S Insurance Company ("Great American"), by its attorneys, Larson, Garrick & Lightfoot, LLP, as and for its Complaint against Defendant, BrandStorm, Inc. ("BrandStorm"), respectfully states as follows:

## NATURE OF DISPUTE

1. This is an insurance coverage dispute arising out of a claim submitted under product contamination insurance policies issued by Great American to BrandStorm under Policy No. PRC9952808-01, in effect from October 26, 2017 to October 26, 2018 (the "2017 Policy") and Policy No. PRC9952802-02, in effect from October 26, 2018 to October 26, 2019 (the "2018 Policy")(collectively, the "Policies").

2. In this action, Great American seeks a declaration that the Policies do not cover a Loss incurred by BrandStorm because the Policies' coverages were not properly triggered, the Loss and claim are precluded from coverage, the Loss and claim are excluded from coverage, and the Policies are null and void.

## PARTIES

3. Plaintiff, Great American, is a Delaware corporation with its principal place of business located in the State of Ohio.

4. Defendant, BrandStorm, is a California corporation with its principal place of business located in the State of California.

## JURISDICTION AND VENUE

5. This is a declaratory judgment action brought pursuant to Rule 57, Federal Rules of Civil Procedure, and 28 U.S.C. § 2201 for a declaration of rights of the parties under the Policies.

6. This Court has subject matter jurisdiction based on the diversity of citizenship between Plaintiff and Defendant pursuant to 28 U.S.C. § 1332. Complete diversity of citizenship exists between the parties, as Plaintiff Great American is a citizen of the State of Delaware and the State of Ohio and Defendant BrandStorm is a citizen of the State of California. The amount in controversy exceeds $75,000, exclusive of interest and costs.

7. This Court has personal jurisdiction over the Defendant as it is a citizen of the State of California.

8. Additionally, this Court has personal jurisdiction over the Defendant as the Defendant transacts business and is authorized to do business, including business relevant to the dispute at issue in this matter, in the State of California.

9. Jurisdiction is also proper in the State of California because the insurance policy at issue was issued in the State of California by a California insurance agent.

10. An actual controversy exists between the Parties regarding their respective rights and obligations under the Policies.

## THE PRODUCT CONTAMINATION POLICIES

11. The 2017 Policy issued by Great American to BrandStorm was a Product Recall Insurance Policy – Consumable Products, which was a claims-made-and-reported policy providing first party coverage and contained Limits of Insurance of $1,000,000, excess over a Self-Insured Retention of $25,000. A true copy of the Policy is attached hereto as Exhibit A.

12. The 2018 Policy issued by Great American to BrandStorm was a Product Recall Insurance Policy – Consumable Products, which was a claims-made-and-reported policy providing first party coverage and contained Limits of Insurance of $1,500,000, excess over a Self-Insured Retention of $25,000. A true copy of the Policy is attached hereto as Exhibit B.

13. The Policies' Insuring Agreement is found in Section I, and provides as follows,

> SECTION I: Insuring Agreement
>
> A. We will reimburse the INSURED for LOSS in excess of the applicable SELF-INSURED RETENTION, but not exceeding the Limits of Insurance stated on the Declarations, incurred solely as a result of an INSURED EVENT, provided that the INSURED first discovers the INSURED EVENT during the policy period. Our

obligation to reimburse the INSURED for LOSS ends when the Limit of Insurance is exhausted by payment of LOSS as provided in Section II: Limits of Insurance.

14. The Policies' Definition of Accidental Contamination provides in relevant part as follows,

INSURED EVENT means:

1. ACCIDENTAL CONTAMINATION:

Any accidental or unintentional contamination, adulteration, or mislabeling of an INSURED PRODUCT(s) that

a. occurs during or as a result of the production, preparation, processing, manufacturing, packaging, or distribution of the INSURED PRODUCT(S);

b. has been implied by ADVERSE PUBLICITY; or

c. has resulted in a voluntary or involuntary STOCK RECOVERY, MARKET WITHDRAWAL or RECALL of the INSURED PRODUCT by or on behalf of the INSURED,

provided that the use or consumption of the INSURED PRODUCT has resulted in or would result in BODILY INJURY or PROPERTY DAMAGE.

15. Exclusions A, C, G, and J of the Policies state as follows,

SECTION IV: Exclusions

This Policy does not apply to any LOSS, damage, claim, cost or

expense of any nature whatsoever, caused by, arising from, or attributable to any of the following:

A. The deterioration, decomposition, transformation, or other change of an INSURED PRODUCT(S), unless such deterioration, decomposition or transformation arises from an INSURED EVENT;

* * *

C. Any intentional, dishonest, willful, illegal, fraudulent, criminal or malicious act committed by the INSURED'S directors, officers or trustees;

* * *

G. An INSURED EVENT or any circumstance that could give rise to an INSURED EVENT that is discovered, known by or should reasonably have been known by the INSURED prior to the inception of the Policy Period;

* * *

J. The failure of an INSURED PRODUCT(S) to accomplish its intended purpose, including any breach of warranty of fitness or merchantability, whether written or implied.

16. Section V. of the Policies presents the Conditions. Conditions F and J state as follows,

SECTION V: Conditions

* * *

F. Concealment, Misrepresentation, Non-Disclosure and Fraud – Without prejudice to the Company's other rights, this Policy is null and void in the cases of concealment, misrepresentation or non-

disclosure by an INSURED, whether or not fraudulent, of a material fact concerning: this Policy; the Policy procurement; the INSURED PRODUCT(S); the INSURED'S interest in the INSURED PRODUCT(S); any INSURED EVENT; LOSS; or a claim under this Policy.

\* \* \*

J.  Notice of LOSS –

1. As soon as practicable but no later than 72 hours after discovering circumstances that would result in an INSURED EVENT, the INSURED must contact the CRISIS CONSULTANT, using the 24-hour hotline described in the policy.

2. As soon as practicable but no later than 30 days after discovering circumstances that would result in an INSURED EVENT, the INSURED must notify us in writing.  Such notice should include:

   a. how, when and where the circumstance or INSURED EVENT was discovered;

   b. the names and addresses of any parties involved; and

   c. the nature, location and circumstances of the INSURED EVENT.

3. The INSURED must:

   a. take all reasonable and necessary steps to minimize any expenses or costs related to an INSURED EVENT or circumstances that would result in an INSURED EVENT;

   b. send the Company a statement of loss that sets forth in detail how the loss has been calculated and what assumptions have been made;

     c. provide the Company with all documentary evidence, books of account, bills, invoices, vouchers, copies of your books and any other relevant documents that the Company or the Company's representatives, including forensic accountants, may require;

     d. send the Company copies of any demands, notices, summonses or legal papers received in connection with the claim;

     e. assist the Company in enforcing any right of indemnity against any person or organization who may be liable to you; and

     f. cooperate with the Company in the investigation and settlement of the claim, including reasonable access to premises and personnel.

## THE CLAIM

17. Upon information and belief, BrandStorm is a wholesaler of "super foods".

18. Upon information and belief, in the summer and fall of 2017, BrandStorm met with customer, GBL, and agreed to supply shipments of hemp seeds and chia seeds.

19. Upon information and belief, in November 2017, BrandStorm entered into an agreement with GSFI to sterilize and process certain shipments of hemp and chia seeds for customer GBL through GSFI's steam sterilization processing ("SSP").

20. Upon information and belief, BrandStorm discovered at the latest by December 20, 2017, that hemp seeds leak oil and clump as a natural consequence of GSFI's SSP.

21. Upon information and belief, despite learning of the seeds' natural

post-SSP condition, and the rejection of its processed product by GBL on or about December 20, 2017, BrandStorm intentionally arranged for additional shipments of hemp and chia seeds to be processed by GSFI's SSP and shipped to GBL throughout 2018.

22. During Great American's claim investigation, BrandStorm represented the material fact that it first discovered the natural post-SSP condition on June 24, 2018, as opposed to December 20, 2017.

23. The 2017 Policy expired on October 26, 2018.

24. The 2018 Policy incepted on October 26, 2018.

25. On January 9, 2019, over a year after first discovery and over two months after the 2017 Policy expired, BrandStorm tendered notice of the claim to Great American.

26. On February 4, 2019, Great American initially denied coverage for BrandStorm's claim under the Policies.

27. By correspondence dated July 31, 2019, and partially based on a lawsuit BrandStorm commenced against GSFI, BrandStorm's representatives requested Great American to re-open its claim file.

28. After further investigation, Great American again denied BrandStorm's claim.

29. On July 29, 2020, Great American agreed to participate in a mediation conducted by Magistrate Judge Carla Baldwin in the associated action, *Brandstorm, Inc. v. Global Sterilization and Fumigation, Inc.*, currently pending in the United States District Court for the District of Nevada and assigned Case No. 3:19-CV-0315-MMD-CLB.

30. During the mediation, Great American received documents and information from GFSI, which support Great American's coverage positions.

31. An actual controversy exists between Great American and BrandStorm regarding coverage under the Policies for BrandStorm's claim.

## FIRST CAUSE OF ACTION FOR DECLARATORY JUDGMENT

### (The 2017 Policy Does Not Provide Coverage)

32. Plaintiff repeats each and every allegation contained in paragraphs "1" through "31" with the same force and effect as if set forth fully herein.

33. The 2017 Policy is a claims-made-and-reported insurance policy, which provides first party coverages.

34. Accidental Contamination under the 2017 Policy, requires accidental or unintentional contamination or adulteration during the Insured Product's processing.

35. During the aforementioned mediation, GSFI provided documents to Great American that establish BrandStorm's products did not suffer any contamination or adulteration during SSP.

36. During the aforementioned mediation, GSFI provided documents to Great American that establish BrandStorm's products were improperly stored by GBL for lengthy periods after SSP.

37. During the aforementioned mediation, GFSI provided documents to Great American that establish BrandStorm continued to intentionally send seeds to GFSI for SSP after December 20, 2017, despite GBL's rejection of post-SSP processed products.

38. The 2017 Policy's notice condition requires, as soon as practicable but no later than 72 hours after discovering circumstances that would result in an Insured Event, BrandStorm to contact the Crisis Consultants.

39. Upon receipt of GBL's product complaints on or about December 20, 2017 and first discovering circumstances that would result in an Insured Event, BrandStorm did not contact the Crisis Consultants.

40. The 2017 Policy notice condition also requires, as soon as practicable but no later than 30 days after discovering circumstances that would result in an Insured Event, BrandStorm to notify Great American in writing.

41. Upon receipt of GBL's product complaints on or about December 20, 2017 and first discovering circumstances that would result in an Insured Event, BrandStorm did not notify Great American until January 9, 2019, over two (2) months after the 2017 Policy expired on October 26, 2018.

42. During the aforementioned mediation, GFSI provided Great American with documents that establish the material fact that BrandStorm first discovered the condition of its products after SSP on or about December 20, 2017, not June 24, 2018, as BrandStorm previously represented during Great American's claim investigation.

43. BrandStorm's claim does not constitute an Insured Event under the 2017 Policy because its Insured Products did not suffer accidental contamination or adulteration during SSP.

44. BrandStorm's claim is excluded from coverage under the 2017 Policy based on the application of Exclusions A, C, G, and J.

45. BrandStorm failed to comply with either of the 2017 Policy's notice condition requirements.

46. BrandStorm's failure to comply with the 2017 Policy's notice condition requirements vitiates coverage under the Policy.

47. Under Condition F, the 2017 Policy states that the Policy is null and void in the cases of concealment, misrepresentation or non-disclosure by the Insured, whether or not fraudulent, of a material fact concerning the Policy, the Policy Procurement, the Insured Product(s), the Insured's interest in the Insured Product(s), and Insured Event, Loss, or a claim under this Policy.

48. Great American respectfully requests from this Court a declaration of rights and obligations under the Policy.

49. Declaratory relief will resolve outstanding issues regarding the obligations of Great American under the Policy.

50. Great American has no other adequate remedy at law.

51. Great American therefore respectfully demands a declaratory judgment against BrandStorm declaring that there is no coverage under the 2017 Policy for the Loss or claim.

52. Great American is entitled to a Declaratory Judgment finding that it has no obligations under the 2017 Policy because BrandStorm's Loss or claim does not fall within the Policy's scope of coverage, is excluded, or the Policy is null and void.

**SECOND CAUSE OF ACTION FOR DECLARATORY JUDGMENT**

**(Defendant's First Discovery Before 2018 Policy's Inception)**

53. Plaintiff repeats each and every allegation contained in paragraphs "1" through "52" with the same force and effect as if set forth fully herein.

54. The 2018 Policy's Insuring Agreement requires BrandStorm to first discover the Insured Event during the policy period.

55. Under Exclusion G, the 2018 Policy excludes coverage for any Loss arising from an Insured Event or any circumstance that could give rise to an Insured Event that is discovered, known by, or should reasonably have been known by BrandStorm prior to the inception of the policy period.

56. Under Condition F, the 2018 Policy states that the Policy is null and void in the cases of concealment, misrepresentation or non-disclosure by the Insured, whether or not fraudulent, of a material fact concerning the Policy, the Policy Procurement, the Insured Product(s), the Insured's interest in the Insured Product(s), and Insured Event, Loss, or a claim under this Policy.

57. Upon receipt of GBL's product complaints on or about December 20, 2017, BrandStorm first discovered, knew, or should reasonably have known of the Insured Event or circumstances that would result in an Insured Event.

58. The 2018 Policy incepted on October 26, 2018, over ten months after BrandStorm first discovered, knew, or should reasonably have known of the Insured Event or circumstances that would result in an Insured Event.

59. Based on BrandStorm's first discovery of GBL's product complaints on or about December 20, 2017, over ten months before the 2018 Policy's inception, BrandStorm's claim does not fall within the Policy's scope of coverage and is precluded.

60. Based on BrandStorm's first discovery of GBL's product complaints on or about December 20, 2017, over ten months before the 2018 Policy's inception, the application of Exclusion G excludes coverage for the claim.

61. During the procurement of the 2018 Policy, BrandStorm concealed or non-disclosed the material facts concerning GBL's product complaints.

62. Great American respectfully requests from this Court a declaration of rights and obligations under the Policy.

63. Declaratory relief will resolve outstanding issues regarding the obligations of Great American under the Policy.

64. Great American has no other adequate remedy at law.

65. Great American therefore respectfully demands a declaratory judgment against BrandStorm declaring that there is no coverage under the 2018 Policy for the Loss or claim.

66. Great American is entitled to a Declaratory Judgment finding that it has no obligations under the 2018 Policy as the Policy does not provide coverage, is null and void, or is rescinded.

## PRAYER FOR RELIEF

WHEREFORE, Great American respectfully requests that the Court enter judgment in its favor against the Defendant as follows:

A. On the First Cause of Action, a judicial declaration that the 2017 Policy does not provide coverage for BrandStorm's Loss because the claim or Loss does not fall within the Policy's scope of coverage, is excluded, or the Policy is null and void;

B. On the Second Cause of Action, a judicial declaration that the 2018

Policy does not provide coverage for BrandStorm's Loss because the claim or Loss is precluded, excluded, the Policy is null and void, or the Policy is rescinded;

C. Costs of suit and attorneys' fees; and

D. Such other and further relief as this Court deems just and proper.

DATED: October 19, 2020                LARSON, GARRICK & LIGHTFOOT, LLP

By:   / s / Arnold D. Larson
      ARNOLD D. LARSON
      Attorneys for Plaintiff,
      GREAT AMERICAN E&S INSURANCE COMPANY